# Moses *v.* McClain.

### *Bill in Equity by Purchaser, for Specific Performance of Contract.*

1. *Option on sale of land; burden of proof as to acceptance.*—Under a bill by the purchaser to enforce the specific execution of a writing which gave him an option, for two hours, to purchase a tract of land at a specified price, alleging that he notified the vendor of his acceptance of the offer within the two hours, which fact is denied by the defendant, the *onus* is on the complainant to prove such acceptance within that time.

APPEAL from the Chancery Court of Colbert.
Heard before the Hon. THOMAS COBBS.

THOS. R. ROULHAC, for appellant.

J. B. MOORE, and R. C. BRICKELL, *contra*.

STONE, C. J.—This is a bill by Moses for the specific enforcement of a purchase of a tract of land, alleged to have been agreed upon between McClain and himself. McClain signed a writing dated October 21, 1886, by which he proposed to sell the land to Moses for eight thousand dollars; three thousand dollars to be paid in cash, and the remaining five thousand dollars to be paid in two equal installments, due in one and two years, with interest from the time possession was delivered. The paper writing is what is called an option. It recites a consideration of one dollar, and gives to Moses the privilege or option, for two hours, in which to determine whether or not he would purchase the land on the terms proposed. The bill alleges that within the two hours Moses elected to accept the offer and make it a purchase, and that he so informed McClain before the time expired. McClain refused to

consummate the trade, and in his answer denies that Moses notified him within the two hours of his acceptance of the offer. The burden of proving acceptance was thus cast on Moses.

It is not disputed that Moses did notify McClain that he accepted the offer. The dispute and controversy are, whether this notice was given within the two hours. Moses testified positively that it was, while McClain testified with equal emphasis that it was after the two hours had expired. J. S. Whittemore confirms Moses to some extent, while two witnesses—Parshall and Stegar—tend to confirm McClain. Dill, also, does to some extent. The chancellor found as a fact, "that the acceptance of the terms of the instrument was not made within the specified time."

It was long the rule in this court, that when a chancellor made a finding of fact, we would not reverse such finding unless clearly convinced that he erred.—3 Brick. Dig. 400, § 549; *Moon v. Crowder*, 72 Ala. 79. That rule was changed by statute.—Code of 1886, § 675.

We do not think that the proof of acceptance of McClain's offer within the two hours allowed is sufficient.

Affirmed.